IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | | |
|---|---|---|
| CentraArchy Restaurant Management Company, | ) ) ) | C/A No. 3:17-3275-MBS |
| Plaintiff, | ) ) | |
| vs. | ) ) | **ORDER AND OPINION** |
| Philip Angelo, et al., | ) ) ) | |
| Defendants. | ) ) | |

This is an action arising under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA"), and the South Carolina Payment of Wages Act, S.C. Code Ann. §§ S.C. Code Ann. §§ 41-10-10, et seq. ("SCPWA"). The complaint is related to a previous action, Bradley v. CentraArchy Restaurant Management Company, C/A No. 2:15-cv-1218-PMD. As the court previously has described, the Bradley plaintiffs were two employees of CentraArchy Restaurant Management Company ("CentraArchy") at the California Dreaming restaurant in Columbia, South Carolina (the "Columbia Restaurant"). The Bradley plaintiffs alleged that CentraArchy improperly allowed certain of its service bartenders, whom the Bradley plaintiffs denominated as "kitchen bartenders," to participate in a tip pool, in contravention of the FLSA. The matter was referred to an arbitrator, who ultimately determined that (1) service bartenders may participate in tip pools; and (2) the "kitchen bartenders" at the Columbia Restaurant fulfilled duties expected of service bartenders in the industry. Accordingly, the arbitrator concluded that CentraArchy's tip pool at the Columbia Restaurant complied with the FLSA. The arbitrator's final order and award was confirmed without objection on September 22, 2017, and judgment in favor of CentraArchy was entered in Bradley on September

25, 2017.  No party appealed the judgment.

On December 4, 2017, CentraArchy filed the within complaint for declaratory judgment against Defendants, who are comprised of forty-nine former or current employees of the Columbia Restaurant.  CentraArchy seeks a declaration that (1) service bartenders at the Columbia Restaurant are proper participants in the tip pool, and CentraArchy's use of the federal tip credit is lawful as a matter of law; and (2) Defendants are estopped from bringing additional claims related to the tip pool or their compensation.  On January 12, 2018, Defendants filed an answer denying that they were bound by the Bradley judgment.  Defendants asserted a counterclaim alleging that CentraArchy violated the FLSA by paying less than the minimum wage to Defendants by claiming a tip credit and then requiring contributions of tips to an invalid tip pool.  In addition, Defendants asserted a counterclaim alleging that CentraArchy violated the SCPWA.

By order filed February 28, 2019, the court determined that claim preclusion bars Defendants from relitigating the findings of the arbitrator regarding the FLSA.  On April 22, 2019, the court issued an order finding that Defendants' SCPWA claims are not preempted by the FLSA because the SCPWA provides the only means through which Defendants can recover wages in excess of minimum wage.  However, on May 21, 2019, the court filed an order finding that issue preclusion bars Defendants' claims under the SCPWA.  The court concluded that, because Defendants were not unlawfully required to contribute to a tip pool, there were no wrongly deducted wages, and thus no recovery to be had under the SCPWA.

This matter now is before the court on Defendants' motion to reconsider pursuant to Fed. R. Civ. P. 59(e) and 60(b), which motion was filed on June 18, 2019.  CentraArchy filed a response in opposition on June 21, 2019, to which Defendants filed a reply on June 28, 2019.  Because the

court's May 21, 2019 order is interlocutory in nature, the court will apply the less strict standards set forth Fed. R. Civ. P. 54(b), which provides that

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

A court "may revise an interlocutory order under the same circumstances in which it may depart from the law of the case: '(1) a subsequent trial producing substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice.'" Walker v. DDR Corp., Civil Action No.: 3:17-cv-01586-JMC, 2019 WL 1349514, * 2 (D.S.C. March 26, 2019) (quoting U.S. Tobacco Coop. Inc. v. Big S. Wholesale of Va., LLC, 899 F.3d 236, 257 (4th Cir. 2018)).

As they have in previous filings, Defendants contest the court's finding of privity between them and the Bradley plaintiffs. Defendants assert that they did not have a full and fair opportunity to litigate their claims in the Bradley arbitration. "'Collateral estoppel, also known as issue preclusion, prevents a party from relitigating an issue that was decided in a previous action, regardless of whether the claims in the first and subsequent lawsuits are the same.'" State v. Hewins, 760 S.E.2d 814, 821 (S.C. 2014) (quoting Carolina Renewal, Inc. v. S.C. Dep't of Transp., 684 S.E.2d 779, 782 (S.C. Ct. App. 2009)). "'The party asserting collateral estoppel must demonstrate that the issue in the present lawsuit was: (1) actually litigated in the prior action; (2) directly determined in the prior action; and (3) necessary to support the prior judgment.'" Id. (quoting Carolina Renewal, 684 S.E.2d at 782). "'While the traditional use of collateral estoppel required mutuality of parties to bar relitigation, modern courts recognize the mutuality requirement is not necessary for the application of collateral estoppel where the party against whom estoppel is asserted

had a full and fair opportunity to previously litigate the issue.'" Id. (quoting Carolina Renewal, 684 S.E.2d at 782).

The validity of Defendants' SCPWA claims hinges on the validity of their claims under the FLSA.  Absent an FLSA violation, Defendants cannot recover under the SCPWA.  Although the SCPWA allegations were not asserted in the Bradley action, the Defendants were fairly represented by the plaintiffs in the Bradley case, for the reasons set forth in the court's February 28, 2019 order.  The arbitrator found as a matter of law that the tip pool arrangement at the Columbia Restaurant complies with the FLSA.  The arbitrator's award was affirmed and no appeal followed.  There is no factual dispute to place before a jury.  As the court previously has found, claim preclusion bars Defendants' FLSA counterclaim, and issue preclusion bars Defendants' SCPWA counterclaim.

The court discerns no change in applicable law or clear error causing manifest injustice. Defendants' motion to reconsider (ECF No. 133) is **denied**.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

July 12, 2019