IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| CentraArchy Restaurant Management Company, | ) <br> ) C/A No. 3:17-3275-MBS <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) **ORDER AND OPINION** <br> ) <br> Philip Angelo, et al., ) <br> ) <br> Defendants. ) <br> _____) |

    This is an action arising under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA"), and the South Carolina Payment of Wages Act, S.C. Code Ann. §§ S.C. Code Ann. §§ 41-10-10, et seq. ("SCPWA"). Plaintiff CentraArchy Restaurant Management Company seeks a declaratory judgment that (1) the judgment in a previous action, Bradley v. CentraArchy Restaurant Management Company, C/A No. 2:15-cv-1218-PMD, establishes that service bartenders at the California Dreaming restaurant in Columbia, South Carolina (the "Columbia Restaurant"), are proper participants in the tip pool operated at that location, and that Plaintiff's use of the federal tip credit is lawful as a matter of law (Count I); and (2) Defendants are precluded and estopped from bringing additional claims related to the tip pool or their compensation (Count II). Plaintiff further seeks an order enjoining Defendants from making further claims related to the validity of the Columbia Restaurant's tip pool. On January 12, 2018, Defendants filed an answer denying that they were bound by the Bradley judgment. Defendants assert counterclaims alleging that CentraArchy violated the FLSA and SCPWA by requiring contributions of tips to an invalid tip pool, which resulted in Defendants receiving less than minimum wage (First and Third Causes of Action by way of

Counterclaim). In addition, Defendants seek a declaratory ruling that Plaintiff's tip pool arrangement violates the FLSA (Second Cause of Action by way of Counterclaim).

On February 28, 2019, the court granted partial summary judgment in Plaintiff's favor as to Defendants' First and Second Cause of Action, ruling that the doctrine of claim preclusion bars Defendants' FLSA counterclaims. On May 21, 2019, the court granted partial summary judgment in Plaintiff's favor as to Defendants' Third Cause of Action, concluding that the doctrine of issue preclusion bars Defendants' SCPWA counterclaim.

This matter now is before the court on the following motions filed by Plaintiff on June 6, 2019: (1) motion to dismiss claims for declaratory judgment and injunctive relief as moot; and (2) motion for entry of final judgment. Defendants filed no response in opposition to Plaintiff's motions.

A.   Motion to Dismiss

Plaintiff moves pursuant to Fed. R. Civ. P. 41(a)(2) to dismiss Counts I and II of the complaint as moot.

Rule 41(a)(2) provides, in relevant part, that

> an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Defendants do not object to Plaintiff's motion to dismiss, and the court has granted summary judgment in Plaintiff's favor as to Defendants' First and Third Causes of Action by way of Counterclaim. The court agrees with Plaintiff that its claims for declaratory and injunctive relief are

moot. Plaintiff's motion to dismiss Counts I and II of the complaint (ECF No. 130) is **granted.**

B.     Motion for Entry of Final Judgment

Plaintiff contends that the court's rulings, including dismissal of Counts I and II, dispose of all claims and counterclaims asserted in the case, such that the court should enter final judgment pursuant to Fed. R. Civ. Pl 54(b). Rule 54(b) provides:

> When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

It appearing that Counts I and II of the complaint and the First, Second, and Third Causes of Action set forth in the answer and counterclaim have been disposed of, Plaintiff's motion for entry of final judgment (ECF No. 131) also is **granted**.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

July 12, 2019